# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARCCO GLAZEBROOK, | § | |
|    Petitioner, | § | |
| v. | § | MISC. CASE NO. H-10-261 |
| | § | |
| DEPARTMENT OF DEFENSE, | § | |
|    Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Marcco Glazebrook filed a Petition [Doc. # 1] pursuant to 12 U.S.C. § 3410 challenging a subpoena issued by the Department of Defense Inspector General ("DOD-IG"). The United States filed its Response [Doc. # 4] on July 8, 2010. Section 3410(b) requires a ruling on the Customer Challenge within seven (7) calendar days. The Court finds that the law enforcement inquiry is legitimate, the records sought are relevant to that inquiry, and the DOD-IG complied with all relevant procedural requirements. Consequently, the Court **denies** the Customer Challenge and requires Service Credit Union to comply with the subpoena.

Petitioner is being investigated by the DOD-IG to determine whether he submitted false travel claims to the Defense Finance and Accounting Service, and thereby obtained at least $43,500.00 to which he was not entitled and with the intent to deprive the United States of those funds. As part of the investigation, the DOD-IG issued an administrative subpoena to Service Credit Union seeking Petitioner's

financial records for the relevant period of September 1, 2003, through November 30, 2007.

There are only three grounds on which the Court can quash the subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied" with the Right to Financial Privacy Act ("RFPA"). *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). It is undisputed that the fraudulent submission of travel claims is a legitimate law enforcement inquiry for the DOD-IG, and that the agency complied with the procedural requirements of the RFPA.

Petitioner asserts that the records are not relevant because the DOD already has records that demonstrate the deposits it made into Petitioner's account. For purposes of enforcing an administrative subpoena, however, "the notion of relevancy is a broad one." *Id.* "So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Id.* (internal quotations and citations omitted). In this case, the requested financial records are clearly relevant to the alleged fraud being investigated. Although the DOD has records that demonstrate deposits into Petitioner's account, the requested records will also reflect whether, when, and for what purpose the funds were

withdrawn – information relevant to whether Petitioner knew the funds had been deposited and acted with the intent to deprive the United States of those funds. The records will also assist the DOD-IG in tracing the funds if it is ultimately determined that Petitioner received those funds through the submission of false and fraudulent travel claims.

The Court finds that the investigation of whether Petitioner fraudulently obtained government funds by submitting false travel claims is a legitimate law enforcement inquiry for the DOD-IG. The Court further finds that the subpoenaed records are relevant to that legitimate law enforcement inquiry, and that the DOD-IG complied with the RFPA's procedural requirements. Accordingly, it is hereby

**ORDERED** that Petitioner's § 3401 Customer Challenge [Doc. # 1] is **DENIED**. It is further

**ORDERED** that Service Credit Union shall produce the records requested by the Subpoena within thirty (30) days after service of this Order to Service Credit Union.

SIGNED at Houston, Texas, this 9th day of **July, 2010**.

_____
Nancy F. Atlas
United States District Judge